

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

REGINA M. HUNTER EL,     §
          Plaintiff,     §
                §
vs.     §     Civil Action No.: 3:25-3499-MGL
                §
U.S. DEPARTMENT OF VETERANS     §
AFFAIRS and PRISMA HEALTH TUOMEY     §
HOSPITAL,     §
          Defendants.     §

---

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
SUMMARILY DISMISSING THIS CASE WITHOUT PREJUDICE,
AND DEEMING AS MOOT PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION**

---

Plaintiff Regina M. Hunter El (Hunter El), who is representing herself, filed this civil action against Defendants U.S. Department of Veterans Affairs and Prisma Health Tuomey Hospital (Tuomey) (collectively, Defendants).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court summarily dismiss this case without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 30, 2025. After the Court granted two extensions, Hunter El filed initial and supplemental objections on June 10, 2025, and June 23, 2025, respectively. The Court has carefully reviewed Hunter El's objections but holds them to be without merit. It will therefore enter judgment accordingly.

The Report contains a comprehensive recitation of the facts, which the Court finds unnecessary to repeat in full here. Nonetheless, for context, the Court will briefly summarize the relevant factual and procedural history.

On April 9, 2025, Hunter El's elderly cousin, Elijah Hunter (Elijah), presented to the Williams Jennings Bryan Dorn Veterans Affairs Medical Center (VA Medical Center) with memory loss, agitation, and hallucinations. Hunter El requested Elijah be placed on a thirty-day psychiatric hold, but she alleges the VA Medical Center "instead discharged him home without appropriate screening and treatment for Alzheimer's disease or dementia." Complaint at 1.

Hunter El contends law enforcement transported Elijah to Tuomey for an evaluation the next day. But, according to Hunter El, Tuomey prematurely discharged Elijah without evaluating his mental status. And, the same issue recurred after Elijah visited Tuomey on April 14, 2025.

Based on the foregoing, Hunter El filed this lawsuit. She requests up to $50,000.00 for each of the three purported violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd et seq.

As the Court stated above, the Magistrate Judge recommends the Court summarily dismiss this case without prejudice and without issuance and service of process. Hunter El objects.

Hunter El contests the Magistrate Judge's conclusion she lacks standing to sue Defendants under the EMTALA. But, Hunter El neglects to challenge the Magistrate Judge's determination she also "fails to state a plausible EMTALA claim." Report at 5. And, as the Magistrate Judge noted, Hunter El "has not alleged that the hospitals treated [Elijah] any differently than other patients [who are perceived to have] the same medical condition." *Id.* at 6; *see Vickers v. Nash Gen. Hosp., Inc.*, 78 F.3d 139, 144 (4th Cir. 1996) ("EMTALA is implicated only when individuals who are perceived to have the same medical condition receive disparate treatment." (emphasis omitted)). Hunter El has thus failed to state a claim for relief, and the Court will overrule her objections.

After a thorough review of the Report and record in this case under the standards set forth above, the Court overrules Hunter El's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this case is summarily **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. As a result of the Court's ruling, Hunter El's motion for a preliminary injunction is necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 3rd day of December 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Hunter El is hereby notified of her right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.